UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
COLUMBIA DIVISION

| | |
|---|---|
| MICHAEL GOODRUM, | ) |
| Petitioner, | ) |
| | ) No. 1:18-cv-0007 |
| v. | ) |
| | ) CHIEF JUDGE CRENSHAW |
| DARREN SETTLES, | ) |
| Respondent. | ) |

## ORDER AND MEMORANDUM OPINION

Pending before the Court is a motion to vacate order dismissing case filed by Petitioner Michael Goodrum, an inmate of the Bledsoe County Correctional Complex in Pikeville, Tennessee. (Doc. No. 7).

**I.  Background**

On January 19, 2018, Petitioner filed a pro se petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 in which he challenged his Criminal Court of Maury County conviction of possession of .5 grams or more of cocaine with the intent to sell within 1,000 feet of a public school for which Petitioner is serving a sentence of fifteen years of imprisonment. (Doc. No. 1). Petitioner also sought pauper status. (Doc. No. 2).

By Order entered on February 1, 2018, the Court denied Petitioner's application to proceed in forma pauperis and directed Petitioner to submit the $5.00 filing fee to the Court within 28 days of receiving the Court's Order. (Doc. No. 4). The Court warned Petitioner that his case would be dismissed if he failed to comply with the Court's Order. (Id.)

By Order entered on April 3, 2018, the Court dismissed this action without prejudice for failure to comply with the Court's Order and for want of prosecution because Petitioner never

submitted the $5 filing fee or requested an extension of time within which to respond to the Court's Order. (Doc. No. 5).

Petitioner now files a motion to vacate the Court's Order dismissing his case pursuant to Federal Rule of Civil Procedure 60(a) or (b). (Doc. No. 7).

## II. Analysis

Rule 60(a) of the Federal Rules of Civil Procedure provides that a court may correct "a clerical mistake or a mistake arising from oversight or omission whenever one is found in a judgment, order, or other part of the record" until an appeal has been docketed. Fed. R. Civ. P. 60(a). "Clerical mistakes include those made by judges as well as ministerial employees." In re Walter, 282 F.3d 434, 400 (6th Cir. 2002). "A court properly acts under Rule 60(a) when it is necessary to 'correct mistakes or oversights that cause the judgment to fail to reflect what was intended at the time of trial.'" Id. at 440-41 (quoting Vaughter v. E. Air Lines, Inc., 817 F.2d 685, 689 (11th Cir. 1987)). Rule 60(a) is inapplicable to errors affecting the substantive rights of the parties; if such an error exists, it must be corrected under Rule 60(b). Olle v. Henry & Wright Corp., 910 F.2d 357, 363-64 (6th Cir. 1990).

Rule 60(b) of the Federal Rules of Civil Procedure allows a court to relieve a party from a final judgment for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged; (6) the judgment is based on an earlier judgment that has been reversed or vacated; or (6) any other reason that justifies relief. Fed. R. Civ. P. 60(b)(1)-(6). "Mistake" in this context "encompasses any type of mistake or error on the

part of the court, including judicial mistake as to applicable law." Soto v. Mineta, No. 01-71244, 2008 WL 4428010, at *4 (E.D. Mich. Sept. 30, 2008).

In his Rule 60 motion, Petitioner insists he complied with the Court's Order directing him to submit the $5 filing fee; therefore, the Court should not have dismissed his case for failure to comply with the Court's Order. According to Petitioner, on January 19, 2018, he sent a "Personal Withdrawal Request" in the amount of $5 to the Tennessee Department of Correction and indicated that amount was to be mailed to the Court Clerk, United States District Court of the Middle District of Tennessee in Nashville. (Doc. No. 7, Attach. 1 at 4). Petitioner has submitted a copy of this form, which is signed by Petitioner, witnessed by Correction Officer Rice, signed by Warden or Designee Randall Lewis, and stamped as "PAID JAN 29, 2018 BCCX TRUST FUND." (Id.) Further, Petitioner has submitted a copy of his inmate trust account statement reflecting a withdrawal of $5 on January 29, 2018, to recipient "Ct. Clerk US Dist. Court." (Id., Attach 1 at 7).

Upon receiving Petitioner's motion to vacate and supporting documents, the Court directed the Court's financial department supervisor to review the Court's financial records to determine if any Court payments have been received by Petitioner in 2018. This review revealed that, on February 6, 2018, the Court had received a $5 payment from the Bledsoe County Correctional Complex on behalf of Petitioner. However, the payment was receipted into Case No. 1:12-cv-125, another case filed by Petitioner and for which he is making monthly payments towards the $350 civil filing fee for Section 1983 cases. As of December 19, 2018, Petitioner's $5 payment has been properly credited to the instant case.

Petitioner cannot proceed under Rule 60(a). As discussed above, Rule 60(a) governs only clerical mistakes committed by judges and other ministerial court staff which could not affect the

3

substantive rights of the party. Here, the Court dismissed Petitioner's case due to a clerical error on the part of Court staff; therefore, the error affected the substantive rights of Petitioner. Consequently, any relief Petitioner seeks must arise from Rule 60(b). See Tippie v. Tenn. Dep't of Revenue, No. 10-2702-STA-dkv, 2012 WL 3060098, at *3 (W.D. Tenn. July 25, 2012) (because the alleged error could affect the plaintiff's substantive rights, the plaintiff must proceed under Rule 60(b)).

The clerical error made by the Court's financial department falls within the reach of Rule 60(b). See Soto, No. 01-71244, 2008 WL 4428010, at *4. The Court confirms receipt of Petitioner's filing fee. Having now corrected the error and applied Petitioner's $5 payment to the instant action, Petitioner's action is ready to proceed.

## III. Conclusion

For the reasons explained above, Petitioner's motion to vacate (Doc. No. 7) is hereby **GRANTED**. The Court's Order of April 3, 2018, dismissing this action is hereby **VACATED** pursuant to Federal Rule of Civil Procedure 60(b)(1). The Clerk is **DIRECTED** to reinstate this action to the Court's docket.

After conducting a preliminary review of Petitioner's Section 2254 petition under Rule 4, Rules – Section 2254 Cases, it is not readily apparent that Petitioner is not entitled to relief. Consequently, Respondent is **ORDERED** to file an answer, plead or otherwise respond to the petition in conformance with Rule 5, Rules — § 2254 Cases, within 30 days of the date of receipt of this Order.

By the same date, Respondent also shall file the complete state court record relevant to this matter, including the complete trial court record, the complete record on direct appeal, and the complete trial and appellate court record in connection with any state petition for collateral relief

including, but not limited to, transcripts for all proceedings and rulings on any state petition. See Habeas Rules 5(c) & (d). Respondent's notice of filing shall include a comprehensive index indicating the precise location of each distinct part of the relevant record (e.g., plea proceedings, pre-trial hearing transcripts, voir dire, each portion of trial testimony, trial exhibits, jury instructions, verdict, each party's briefs at each level of appeal, each court's final ruling on appeal and collateral proceedings, etc.). The record shall be organized and appropriately indexed, and distinct parts of the record should be electronically bookmarked for ease of reference in identifying documents relevant to the state court proceedings.

If Respondent files an answer, the answer must comply with the requirements set forth in Habeas Rule 5. The answer shall address each alleged ground for relief and shall be fully briefed with citations to the state court record and to governing Supreme Court precedent. For each claim, the answer shall, at a minimum: (1) assert any procedural defenses; (2) identify the clearly established Supreme Court precedent governing the claim; (3) state whether the claim was exhausted in state court; (4) cite the state court's ruling for exhausted claims; and (5) respond to the petitioner's argument that he is entitled to habeas relief on the claim with appropriate reasoned legal and factual argument. Failure to comply with these requirements may result in the respondent being directed to file a new answer in conformance with these requirements.

Petitioner may file a reply to Respondent's answer limited to disputing specific points of fact or law raised by the answer within 30 days of the date the answer is filed. The Court will consider the matter ripe for review if Petitioner fails to file a reply, or to seek additional time to file a reply, within 30 days of the date the answer is filed.

If Respondent files a motion, the motion shall comply with the requirements of the Federal Rules of Civil Procedure, see Habeas Rule 12, and where relevant, shall address the issues of exhaustion and timeliness.

Petitioner may file a response to Respondent's motion within 30 days of the date the motion is filed. If Petitioner fails to timely respond to Respondent's motion, or fails to seek additional time to respond, the Court may construe Petitioner's failure to respond as Petitioner's agreement that the motion has merit and may grant the motion without further briefing. Respondent may file a reply, or seek additional time to file a reply, within 15 days of the date Petitioner's response to the motion is filed.

The Clerk is **DIRECTED** to serve a copy of the petition and this Order on Respondent and the Attorney General of Tennessee. See Habeas Rule 4.

IT IS SO ORDERED.

_____
WAVERLY D. CRENSHAW, JR.
CHIEF UNITED STATES DISTRICT JUDGE